(October 25, 1921.)

## PIONEER BANK & TRUST COMPANY, a Corporation, Appellant, v. F. M. ANDRUS and A. F. DANIELS, Respondents.

[201 Pac. 708.]

APPEAL AND ERROR—GARNISHEE AS ADVERSE PARTY—SUFFICIENCY OF THE EVIDENCE.

1. The question of whether a garnishee in an action is an adverse party upon whom notice of appeal must be served is to be determined from the record. A motion to dismiss the appeal on the ground that notice thereof was not served upon the garnishee will be denied where it does not appear that the garnishee makes any claim to the fund in its possession and the record justifies the presumption that no such claim was made.

2. Where an answer to a complaint in intervention sets out that a transfer of a promissory note to the intervenor was made with intent to hinder, delay and defraud creditors of the payee, the burden of showing fraud is upon him who alleges it.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Complaint by intervenor claiming a fund in the possession of a garnishee. Judgment for intervenor. *Affirmed.*

E. W. Whitcomb and L. E. Glennon, for Appellant.

None of the notes or checks was offered in evidence, and no satisfactory reason or excuse for failing to produce them was offered. The intervenor was in duty bound to either produce such evidence or show good excuse for his failure to do so. These were matters particularly within his knowledge.

"Where the party on whom rests the burden of evidence as to a particular fact has the essential documents or evidence within his control, a peculiar clearness of proof is demanded, although the fact be negative." (16 Cyc. 937, and cases there cited.)

A. C. Cherry, for Respondent, A. F. Daniels.

The court, under the facts has no jurisdiction of this appeal. The Citizens National Bank, garnishee, was not made a party to either appeal, and the appeal should be dismissed. As will appear from both the findings and the judgment, the garnishee filed three answers to the writ, which were controverted by the appellant bank; both the appellant bank and the intervenor asked for affirmative relief against the garnishee, and the judgment is against the garnishee to pay over the money to the intervenor or his attorney of record; and we have the right to assume on the record that the garnishee has obeyed the judgment; the record does not show to the contrary, and we are bound by the record. (C. S., sec. 7153; *Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 727, 167 Pac. 1163; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida.

276, 74 Pac. 1130; *Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418.)

Fraud is never presumed, but must be proved by "clear and convincing evidence." (*Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85; *King v. Lamborn,* 186 Fed. 21, 27, 108 C. C. A. 123.)

RICE, C. J.—Appellant brought this action upon certain promissory notes executed by respondent Andrus. A writ of attachment was issued and served upon the Citizens National Bank of Salmon City, by which it was sought to garnishee certain money in its possession. The money had been paid into the bank by Frank G. Hussey, to be credited upon a note executed by him and payable to Andrus. Respondent Daniels intervened in the action, setting up that the Hussey note had been indorsed and assigned by Andrus to him. Judgment was entered for Daniels upon his complaint in intervention. The appeal is from the judgment and from an order denying appellant's motion for a new trial.

A motion to dismiss the appeal has been made upon the ground that notice thereof was not served upon the Citizens National Bank, which it is claimed is an adverse party in this appeal. Whether a garnishee is an adverse party upon appeal depends upon the issues and the character of the judgment rendered. The record in this case is deficient, in that it does not contain the answer of the garnishee to the writ. It does not appear from the record that the garnishee makes any claim to the fund in its possession. The record justifies the presumption that no such claim was made, since the same attorney represented it and the plaintiff in intervention at the trial. The motion to dismiss the appeal is denied.

Appellant answered the complaint in intervention, and alleged that the pretended transfer of the note to Daniels was made with intent to hinder, delay and defraud creditors of Andrus, and was therefore void as to such creditors. It is contended that the evidence is insufficient to sup-

port the judgment.   The evidence was sufficient to establish the transfer of the note to Daniels.   The burden was upon the appellant to prove that the transfer was fraudulent.   There was not sufficient evidence of fraud to warrant this court in interfering with the judgment.

The judgment and order are affirmed, with costs to respondents.

Budge, McCarthy, Dunn and Lee, JJ., concur.

(October 25, 1921.)

